UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>　　　　　Plaintiff, )<br>　　v. )<br>PEDRO CUELLAR-GARCIA, )<br>a.k.a. Salvador Alvarez, )<br>a.k.a. El Ruco, )<br>　　　　　Defendant. )<br>_____) | CASE NO.   CR06-198 RSL<br><br>DETENTION ORDER |

Offense charged:

　　Count I:　　Conspiracy to Distribute Cocaine, Heroin, and Methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and 846.

Date of Detention Hearing: June 14, 2006.

　　The Court, having conducted an uncontested detention hearing pursuant to Title 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community.  The Government was represented by

DETENTION ORDER
PAGE -1-

Todd Greenberg. The defendant was represented by Stephan Illa.

The Government filed a Motion for Detention, to which the defendant stipulated, reserving the right to revisit the matter of detention should circumstances supporting release arise.

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) There is probable cause to believe the defendant committed the conspiracy drug offense. The maximum penalty is in excess of ten years. There is therefore a rebuttable presumption against the defendant's release based upon both dangerousness and flight risk, under Title 18 U.S.C. § 3142(e).

(2) Nothing in this record satisfactorily rebuts the presumption against release for several reasons:

(a) The defendant presents a risk of nonappearance due to the following: His ties to the Western District of Washington are unknown/unverified; he is associated with six alias names and three dates of birth; and BICE has filed a detainer;

(b) The defendant presents a risk of danger based on the nature of the instant offense, his criminal history, and he was on supervision by the Department of Corrections at the time of his arrest;

(c) The defendant stipulates to detention.

(3) Based upon the foregoing information which is consistent with the recommendation of U.S. Pre-trial Services, it appears that there is no condition or combination of conditions that would reasonably assure future Court appearances and/or the safety of other persons or the community.

**It is therefore ORDERED**:

(l) The defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) The defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 15th day of June, 2006.

_____
Monica J. Benton
U.S. Magistrate Judge